NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3293

DEBORAH BANKS,

Petitioner,

v.

NATIONAL PERSONNEL RECORDS CENTER,

Respondent.

Deborah Banks, of St. Louis, Missouri, pro se.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and William F. Ryan, Assistant Director.

On appeal from:  The arbitrator's decision

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3293

DEBORAH BANKS,

Petitioner,

v.

NATIONAL PERSONNEL RECORDS CENTER,

Respondent.

_____

DECIDED:  January 9, 2007

_____

Before NEWMAN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Ms. Deborah Banks seeks review of an arbitrator's decision upholding her removal from employment by the National Personnel Records Center ("NPRC").  Ms. Banks contends that the arbitrator applied the incorrect statute, and that the correct statute does not support the removal action.  We affirm the arbitrator's decision.

BACKGROUND

Ms. Banks worked as an Archive Technician at the NPRC in St. Louis, Missouri. She was responsible for sending requested military documents to United States veterans. These documents usually contained personal information protected by the Privacy Act of 1974, 5 U.S.C. §552a, including such information as the veteran's social security number. The charge, which Ms. Banks does not dispute, was that on six occasions she sent to a requesting veteran the records of another person, which contained protected personal information. Despite two counseling letters from NPRC, Ms. Banks did not improve her performance. NPRC removed Ms. Banks on October 1, 2004, on the charge that she released protected information to unauthorized persons. The agency states that it also relied on other factors, particularly several past instances of absence without leave.

Ms. Banks filed a grievance, through the American Federation of Government Employees Local 104. The grievance was denied. Ms. Banks then proceeded to invoke arbitration. After a hearing, the arbitrator ruled that NPRC's removal action did not violate the Collective Bargaining Agreement, and that Ms. Banks was removed for just cause. Ms. Banks appeals the arbitrator's decision.[1]

DISCUSSION

Pursuant to 5 U.S.C. §7121(f), "this court reviews decisions of arbitrators in grievances affecting federal employees under the same standard of review that is applied

---

[1]     Ms. Banks initially filed the appeal in the United States District Court for the Eastern District of Missouri, appealing the arbitrator's decision and also filing a Title VII discrimination complaint. The district court dismissed the Title VII complaint for failure to exhaust administrative remedies, and transferred the appeal of the arbitrator's decision to this court pursuant to 28 U.S.C. §1631. Banks v. Nat'l Personnel Records Center., No. 4:05-CV-1813 CAS (E.D. Mo. June 15, 2006).

to decisions from the Merit Systems Protection Board." Giove v. Dep't of Transportation, 230 F.3d 1333, 1338 (Fed. Cir. 2000). Thus the arbitrator's decision is reviewed to determine if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. Cf. 5 U.S.C. §7703(c); Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

The arbitrator's ruling that the notice and other provisions of the Collective Bargaining Agreement were met is not challenged by Ms. Banks. The arbitrator found that the criteria for removal under 5 U.S.C. §7501 et seq. ("Chapter 75") were met, in that the agency had shown that the charged conduct occurred; that there is a nexus between the charged conduct and the efficiency of the service; and that the penalty is appropriate to the circumstances. Pope v. United States Postal Service, 114 F.3d 1144, 1147 (Fed. Cir. 1997) (citing Douglas v. Veterans Administration, 5 M.S.P.R. 280, 306-07 (1981)). The arbitrator found no evidence that Ms. Banks was improperly removed, and that the removal was for just cause. Ms. Banks argues that the arbitrator erred by applying Chapter 75 instead of 5 U.S.C. §4301 et seq. ("Chapter 43") to her removal. She states that Chapter 75 applies an "absolute" standard to assess performance, instead of the relative standard that she attributes to Chapter 43.

The arbitrator described the removal action as due to Ms. Banks' negligence in performance of the duties of her position. In Fairall v. Veterans Administration, 844 F.2d 775 (Fed. Cir. 1988) this court discussed that negligent performance can include issues of misconduct, neglect of duty, or malfeasance. 5 C.F.R. §731.202(b) includes "misconduct or negligence in employment" as one of the factors to be considered in determining

2006-3293                                            3

whether the removal action will protect the integrity or promote the efficiency of the agency. Prior disciplinary actions can also be considered.

Chapter 75 states that an adverse personnel action can be taken "only for such cause as will promote the efficiency of the service," a standard that can be met by persistent employee error. Moreover, as reported in Guillebeau v. Dep't of the Navy, 362 F.3d 1329 (Fed. Cir. 2004), even Chapter 43 does not prohibit the use of absolute performance standards when necessary to meet the agency's obligations.

Ms. Banks does not dispute that the charged events occurred. The arbitrator found that her negligent performance of her position's responsibilities adversely affected NPRC's efficiency, caused delay and inconvenience to the veterans served by the agency, that the penalty of removal was not excessive in view of the persistence of error, and that there were no mitigating circumstances. See Fairall, 844 F.2d at 776 (affirming the Veterans Administration's removal under chapter 75 of a medical technologist who had made errors in recording blood test results). It has not been shown that the arbitrator's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Ms. Banks wrote to this court that she received disparate treatment due to discrimination based on color and gender. Discrimination claims are not within our jurisdiction, see n.1 supra.

Affirmed, no costs.