# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NANETTE OPPENHEIMER,[1]
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
DC-0752-13-3901-I-1

DATE: March 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Nanette Oppenheimer, Potomac, Maryland, pro se.

Henry Karp, Washington Navy Yard, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact;

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation.  *Naval Sea Systems Command, Washington Navy Yard-1 v. Department of the Navy*, MSPB Docket No. DC-0752-14-0247-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the chief administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision except as expressly MODIFIED by this Final Order to supplement the chief administrative judge's discussion of the appellant's individual arguments.

¶2        The agency issued a decision notice furloughing the appellant for no more than 11 workdays (later reduced to 6 workdays) from her GS-15 Attorney Advisor position. Initial Appeal File, Tab 3 at 18-19. The furlough was based on serious budgetary challenges facing the Department of Defense (DOD), including the sequester that began on March 1, 2013. The appellant filed an appeal, which the chief administrative judge consolidated with the appeals of similarly situated employees. MSPB Docket No. DC-0752-14-0247-I-1, Consolidation Appeal File (CAF), Tab 2 at 2. After holding the requested hearing, the chief administrative judge affirmed the furlough actions. CAF, Tab 19, Initial Decision (ID) at 2, 26.

¶3        On review, the appellant asserts that the Secretary of Defense lacked the authority to direct the Department of the Navy (the Navy) to implement a furlough because the Navy retains its independent authority regarding personnel matters. Petition for Review (PFR) File, Tab 1 at 9. The Navy is separately organized under the Secretary of the Navy but it operates under the express authority, direction, and control of the Secretary of Defense. *Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014). Moreover, an agency satisfies the

efficiency of the service standard by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013); *Yee*, 121 M.S.P.R. 686, ¶ 13. Based on the record before us, we see no reason to disturb the chief administrative judge's finding that the agency's furlough was a reasonable management solution to the financial restrictions placed on it by DOD. ID at 17-20.

¶4 The appellant also contends that the Secretary of Defense did not have the authority to combine similar accounts from different military departments and consider them in the aggregate to determine whether there was a budget shortfall. Similarly, she alleges that the agency failed to show that there was an actual budget shortfall, and failed to show that the cost savings achieved from the furlough were used to offset shortfalls elsewhere. PFR File, Tab 1 at 4-8. The agency is not required to prove that the furlough actually resulted in a cost savings; it is enough for the agency to show, as it did here, that the furlough action was a reasonable management solution when the action was taken. *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶ 18, *aff'd*, 802 F.3d 1321 (Fed. Cir. 2015). Moreover, we will not look behind the agency's method of determining that it had a funding shortfall. Even if the agency arrived at the conclusion that a shortfall existed after aggregating accounts from separate military departments, we have found that it was reasonable for the agency to consider its budget situation holistically. *Yee*, 121 M.S.P.R. 686, ¶ 14. Further, although the appellant argues that *Yee* was wrongly decided, the U.S. Court of Appeals for the Federal Circuit found *Yee* "instructive,"[3] and precedential decisions of the Federal Circuit constitute precedent that is binding on the Board.

---

[3] *National Federation of Federal Employees, Local 1442 v. Department of the Army*, and *National Federation of Federal Employees, Local 2109 v. Watervliet Arsenal*, 810 F.3d 1272, 1279 (Fed. Cir. 2015).

*Vores v. Department of the Army*, [109 M.S.P.R. 191](#), ¶ 10 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009); *Fairall v. Veterans Administration*, [33 M.S.P.R. 33](#), 39, *aff'd*, [844 F.2d 775](#) (Fed. Cir. 1987).

¶5      The appellant further asserts that the agency committed harmful error by not following appropriate procedures in arriving at the decision to address its budget shortfalls via a furlough.  PFR File, Tab 1 at 9-10.  The Board's authority to adjudicate harmful error claims derives from [5 U.S.C. § 7701](#)(c)(2)(A), and only extends to consideration of whether the agency afforded an individual employee the procedural protections guaranteed under [5 U.S.C. § 7513](#), binding Government-wide regulations, binding internal agency regulations, or a collective bargaining agreement.  *See, e.g.*, *Simmons v. Department of the Air Force*, [99 M.S.P.R. 28](#), ¶ 34 (2005) (applying a harmful error analysis to an alleged violation of a procedure provided by a collective bargaining agreement); *Tom v. Department of the Interior*, [97 M.S.P.R. 395](#), ¶ 48 (2004) (applying a harmful error analysis to an alleged violation of a procedure provided by internal agency regulations); *Stephen v. Department of the Air Force*, [47 M.S.P.R. 672](#), 685 (1991) (explaining that harmful error analysis applies to the failure to afford statutory or regulatory procedures, or procedures provided under a collective bargaining agreement).

¶6      The appellant does not assert that the agency deprived her of any of these rights.  Instead, she suggests that the Board should examine the means by which the agency decided to impose a furlough on its general civilian workforce.  The Board has held, however, that its analysis of the efficiency of the service standard in furlough cases does not encompass agency spending decisions or agency decisions allocating furlough days among employees who are not similarly situated.  *Chandler*, [120 M.S.P.R. 163](#), ¶ 9.  Such matters belong to the judgment of agency managers, who are in the best position to decide what allocation of funding will best allow the agency to accomplish its mission.  *Id.*  The Board will not scrutinize an agency's decision to determine whether the agency structured a

furlough in a manner that second-guesses the agency's assessment of its mission requirements and priorities. *Department of Labor v. Avery*, 120 M.S.P.R. 150, ¶ 10 (2013), *aff'd sub nom. Berlin v. Department of Labor*, 772 F.3d 890 (Fed. Cir. 2014). Thus, we find that the appellant's implicit allegation that the agency should have undertaken a different decision-making process is beyond the Board's scope of review.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                  _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.