Patricia A. FAIRALL, Petitioner,

v.

VETERANS
ADMINISTRATION, Respondent.

No. 87–3311.

United States Court of Appeals,
Federal Circuit.

Dec. 10, 1987.

Unpublished Opinion Issued
Dec. 10, 1987.

Published Opinion Issued April 13, 1988.

Susan P. Malone, Chicago, Ill., argued, for petitioner.

Paula J. Barton, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief was Thornton Cherry, Office of Regional Counsel, Veterans Admin., Chicago, Ill., of counsel.

Before ARCHER and MAYER,
Circuit Judges, and NICHOLS, Senior
Circuit Judge.

PER CURIAM.

Petitioner, Patricia Ann Fairall, appeals the Merit Systems Protection Board's (MSPB) decision, docket No. CH07528310623–1, 33 M.S.P.R. 33, upholding her removal as a medical technologist from the Veterans Administration (VA) Lakeside Hospital. We affirm.

*Facts*

Petitioner held the post of medical technologist in the blood lab of the Lakeside Hospital in Chicago, Illinois. She made several errors in recording blood test results in the lab's logbook on tests she conducted. The logbook was used for internal lab purposes, but sometimes consulted by doctors unwilling to wait for reports in the regular course of the lab's working hours. Without prior notification of any deficiencies in her work, Ms. Fairall was removed from her post by the VA on July 11, 1983, and on January 10, 1984, the presiding official (PO) upheld the VA's decision. Petitioner appealed to the MSPB which remanded the case on the basis of *Gende v. Department of Justice*, 23 M.S.P.R. 604 (1984). On remand, in a March 13, 1985, decision, the PO reversed the agency's removal of petitioner, finding that "the record showed that giving the appellant an

opportunity to demonstrate acceptable performance [sic] did not create a substantial likelihood of harm to patient care * * * [and that] the agency was required to process the appellant's removal in accordance with performance appraisal procedures." On the VA's petition to the MSPB, the board reversed the PO's decision in a March 12, 1987, decision, *Gende* having been previously overruled as a precedent by later authority of this court. *Lovshin v. Department of the Navy*, 767 F.2d 826 (Fed.Cir.1985) (in banc), *cert. denied*, 475 U.S. 1111, 106 S.Ct. 1523, 89 L.Ed.2d 921 (1986). This appeal ensued.

### Discussion

 Petitioner raised several arguments on appeal to the MSPB, not the least of which was that *Gende* was not overruled by the Federal Circuit's 1984 decision, in which case, *Lovshin* did not apply in her situation. Additionally, petitioner challenged certain findings and statements of the PO regarding the penalty, the charges, and the respective burdens of proof to be borne by the parties in question. The MSPB correctly perceived the essential issue to be whether petitioner's removal would be valid only after prior notification of deficient performance. The board held that the agency was within its authority in dismissing petitioner on the basis of Chapter 75 and that no prior notification of misconduct or deficient performance was required.

Chapter 75 may be used to remove an employee for performance-based reasons, provided that the agency meets all requirements for establishing "such cause as will promote the efficiency of the service." *Lovshin v. Department of the Navy*, 767 F.2d at 829.

The requirement of prior notification of deficient performance necessary to a Chapter 43 removal is conspicuously and purposely absent from the *Lovshin* rationale. We agree with the pronouncements of the board and its reading of *Lovshin* that this procedural baggage of Chapter 43 is inappropriate in this Chapter 75 action. *Id.* at 844 ("[t]he procedural prerequisites of a

Chapter 43 action referenced by petitioner are * * * inapplicable").

Where the record, as here, clearly indicates levels of negligence, whether gross or otherwise, it is not a case of performance deficiency *simpliciter* but rather is one also of misconduct, neglect of duty, or malfeasance. The dicta of *Lovshin* do not saddle the agency with the fulfillment of all procedures appropriate to a Chapter 43 removal, but only those such as refraining from "Prohibited Personnel Practices" which ought to bind agencies regardless of the form selected if merit principles are to survive. The record in this case, as cited by the MSPB's March 12, 1987, decision, unequivocally supports the determinations that petitioner's actions were proven negligent, and that the penalty received was appropriate. It is not appropriate to require notice of deficiencies, counseling, or an opportunity to improve, when a penchant for negligence is shown which would destroy the confidence of doctors and staff in the reliability of laboratory reports.

### Conclusion

Petitioner also alleges that the MSPB decision was not based on substantial evidence, was arbitrary, capricious, or an abuse of discretion. We disagree and therefore affirm the board's decision to remove petitioner. *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir. 1984).

AFFIRMED.