**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 46**

Docket No. DC-0432-15-0032-I-1

**Sandra Epley,**

**Appellant,**

**v.**

**Inter-American Foundation,**

**Agency.**

July 24, 2015

Darrin W. Gibbons, Esquire, Richmond, Virginia, for the appellant.

Josh C. Hildreth, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for lack of Board jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's finding of no jurisdiction, and REMAND the case to the regional office for further adjudication in accordance with this Opinion and Order.

## BACKGROUND

¶2      The appellant held the position of Program Administrator for the Inter-American Foundation (Foundation).[1]  Initial Appeal File (IAF), Tab 11 at 23.  The Foundation proposed her removal for failing to meet performance standards.  *Id*. at 5-13.  After the appellant responded, the Foundation issued its decision, removing her from service effective September 9, 2014.  *Id*. at 14-23.

¶3      The appellant filed a Board appeal challenging her removal.  IAF, Tab 1. The Foundation responded by disputing the Board's jurisdiction over the matter. IAF, Tab 8 at 4-5.  Subsequently, the administrative judge issued orders directing the appellant to meet her jurisdictional burden and directing the Foundation to provide additional information.  IAF, Tabs 10, 12.  After both parties responded, IAF, Tabs 11, 13-15, the administrative judge dismissed the appeal for lack of jurisdiction, IAF, Tab 17, Initial Decision (ID).

¶4      The administrative judge concluded that the Foundation is a Government corporation, statutorily excluded from chapter 43 of Title 5; the Foundation removed the appellant pursuant to the powers granted to it under 22 U.S.C. § 290f(e); and the appellant failed to make a nonfrivolous allegation that she had Board appeal rights under chapter 75 of Title 5.  ID at 6-14.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tabs 1-2.  The Foundation has filed a response.  PFR File, Tab 6.

## ANALYSIS

<u>The Foundation is a Government corporation, excluded from chapter 43 of Title 5.</u>

¶5      The appellant asserted below that the Board has jurisdiction over her performance-based removal pursuant to chapter 43 of Title 5.  IAF, Tab 9 at 4-5.

---

[1] Because one of the issues below was whether the Inter-American Foundation qualifies as an "agency" as defined in chapter 43 of Title 5, we will refer to it as the "Foundation" rather than the "agency."  Initial Appeal File, Tab 9 at 4-5, Tab 13 at 4-5.

She argued that the Foundation was not a Government corporation exempt from chapter 43. *Id.* Among other things, she noted that the Standard Form 50 documenting her removal referenced "REG 432.101" as the legal authority for her removal. *See* IAF, Tab 13 at 18, Tab 14; *see generally* 5 C.F.R. § 432.101 (pertaining to performance-based actions taken pursuant to chapter 43 of Title 5). The administrative judge found that chapter 43 is not applicable to the Foundation, ID at 6-9, and we agree.

¶6  Under 5 U.S.C. § 4303, an agency may remove an employee for unacceptable performance. However, for the purposes of the subchapter, the term "agency" is defined in 5 U.S.C. § 4301(1). Among other things, that definition includes a provision specifying that an "agency" does not include a Government corporation. 5 U.S.C. § 4301(1)(B)(i). "Government corporation" is defined as "a corporation owned or controlled by the Government of the United States." 5 U.S.C. § 103. As the appellant now concedes, PFR File, Tab 2 at 4, the Foundation meets that definition, *see, e.g.*, 22 U.S.C. § 290f(a), (f), (n). Therefore, we find that the Foundation is not an "agency" with the authority to remove employees for unacceptable performance using chapter 43 of Title 5.

The administrative judge erred in finding that the appellant's removal does not fall within the Board's jurisdiction under chapter 75 of Title 5.

¶7  The appellant alleges that the Board has jurisdiction over her removal pursuant to chapter 75. PFR File, Tab 1 at 4-5, Tab 2 at 4-5. We agree.

¶8  Although Government corporations such as the Foundation are statutorily excluded from chapter 43, chapter 75 contains no such exclusion. *See* 5 U.S.C. §§ 7501-7513. In addition, it is well-settled that an agency may impose an adverse action for unacceptable performance under chapter 75. *See Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 40, *aff'd*, 844 F.2d 775 (Fed. Cir. 1987). In fact, the Board previously has adjudicated the performance-based adverse action of a Foundation employee under chapter 75. *See Patermaster v. Inter-American Foundation*, 10 M.S.P.R. 364 (1982). Therefore, the question

that remains is whether the Foundation may effectuate a performance-based removal outside the bounds of Title 5.

¶9    The Foundation argues that it removed the appellant for unacceptable performance pursuant to the powers delegated to it in 22 U.S.C. § 290f, the statute creating the Foundation.  *E.g*., PFR File, Tab 6 at 5-11.  Section "e" of the statute lists the Foundation's powers and functions.  5 U.S.C. § 290f(e).  Included is the authority to employ no more than 100 persons.  22 U.S.C. § 290f(e)(5).  Also included is "such other powers as may be necessary and incident to carrying out its powers and duties under this section."  22 U.S.C. § 290f(e)(11).  The Foundation's Chief Executive Officer, in a sworn declaration, cites that broad authority as its basis for removing the appellant.  *See, e.g*., IAF, Tab 13 at 22-24.

¶10    When interpreting a statute, we must first determine, by using "traditional tools of statutory construction," if "Congress had an intention on the precise question at issue, [and if so,] that intention is the law and must be given effect."  *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc*., 467 U.S. 837, 843 n.9 (1984); *see Delverde, SrL v. United States*, 202 F.3d 1360, 1363 (Fed. Cir. 2000) (explaining that the "traditional tools of statutory construction" include an examination of the statute's text, structure, and legislative history, as well as an application of the relevant canons of interpretation).  If the statute is silent or ambiguous concerning the specific issue, the inquiry proceeds to the question of whether an agency's interpretation is based on a permissible construction of the statute.  *Chevron*, 467 U.S. at 842-43.

¶11    Here, we find nothing pertaining to 22 U.S.C. § 290f to indicate that Congress had any specific intention regarding the issue before us.  The text of the statute confirms that Congress intended to grant the Foundation the authority to employ up to 100 people, and exercise necessary and incidental powers in doing so.  22 U.S.C. § 290f(e)(5), (11).  However, we are aware of nothing in the statute or its history to support a conclusion that Congress intended the "necessary and

incident powers" to include the authority to effectuate a performance-based removal outside the scope of Title 5.

¶12    By comparison, it is well-established that Congress enacted the Civil Service Reform Act (CSRA) to replace the prior "patchwork system" of laws that had governed Federal employment with "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of Federal employees with the needs of sound and efficient administration." *United States v. Fausto*, 484 U.S. 439, 445 (1988), *superseded by statute on other grounds as stated in Kaplan v. Conyers*, 733 F.3d 1148 (Fed. Cir. 2013), *cert. denied sub nom. Northover v. Archuleta*, 134 S. Ct. 1759 (2014). The Supreme Court has found that, given the "comprehensive nature" of the CSRA, the exclusion of certain employees from the protections of chapter 75 was deliberate. *Id*. at 448-49; *see generally, e.g.*, 5 U.S.C. § 7511(b)(7) (statutorily excluding Central Intelligence Agency and Government Accountability Office employees from the chapter 75 adverse action Board appeal process).

¶13    Despite there being no deliberate exclusion of its employees in the CSRA itself, the Foundation's governing statute, or any other rule of law, the Foundation would have the Board defer to its interpretation of 22 U.S.C. § 290f(e)(5), (11) as permitting such exclusion. PFR File, Tab 6 at 7-9. However, we are unable to do so. The text of 22 U.S.C. § 290f(e)(11) grants the Foundation broad power, but limits that power to that which is "necessary and incident." As described above, the Foundation remains capable of effectuating a performance-based removal under chapter 75, despite being unable to do so under chapter 43. Accordingly, the power to effect a performance-based removal is not "necessary and incident to carrying out [the Foundation's] powers and duties" under section 290f. 22 U.S.C. § 290f(e)(11).

¶14    As the Supreme Court has explained, "the CSRA makes [Board] jurisdiction over an appeal dependent only on the nature of the employee and the employment action at issue." *Elgin v. Department of the Treasury*, 132 S. Ct.

2126, 2137 (2012) (citations omitted).  Here, the appellant meets both of the alterative definitions of an "employee" under 5 U.S.C. § 7511(a)(1)(A).  *See McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-42 (Fed. Cir. 2002) (holding that an individual is a covered employee if she meets either of the definitions under this section).  When the appellant was removed, she was not serving a probationary or trial period, and she had completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  *See* IAF, Tab 13 at 18, 19.  In addition, a removal is an action covered by Title 5, chapter 75, subchapter II.  5 U.S.C. § 7512(1).  Therefore, we conclude that the action falls within the Board's jurisdiction.  *See* 5 U.S.C. § 7513(d).

## ORDER

¶15        For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Opinion and Order.[2]

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.

---

[2] In part, the appellant seems to request that the Board reverse her removal, rather than remand the matter for adjudication on the merits.  *See* PFR File, Tab 2 at 5.  That request is denied.  Any claims of violations of due process or harmful procedural error are more appropriately raised before the administrative judge on remand.