**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TAMMIE R. HICKS,
           Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
           Agency.

DOCKET NUMBERS
DC-531D-19-0151-I-1
DC-3443-18-0790-I-1

DATE: April 20, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alexis N. Tsotakos, Esquire, and Christopher H. Bonk, Esquire, Silver Spring, Maryland, for the appellant.

Christopher Hawthorne, Esquire, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her reduction-in-pay appeal for lack of jurisdiction and dismissed as moot her appeal of a denial of a within-grade increase (WIGI).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review. Except as expressly MODIFIED in ¶ 23 below to VACATE the administrative judge's findings concerning due process, we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant was a GS-13, step 4 Human Resources Specialist for the Department of State, with total salary of $104,275 ($82,402 plus a 27.1% Washington, D.C., area locality adjustment of $21,873).  *Hicks v. Department of the Air Force*, MSPB Docket No. DC-3443-18-0790-I-1, Initial Appeal File (0790 IAF), Tab 5 at 4, 7, 9.  On July 23, 2017, the appellant transferred to a GS-12, step 10 Human Resources Specialist position with the Department of the Air Force, the respondent agency in this appeal, at a salary of $93,821 ($81,541 plus a 15.06% rest of United States locality adjustment of $12,280).  *Id.* at 6-8. Shortly thereafter, the appellant applied and was selected for a promotion to

GS-13 Supervisory Human Resources Specialist.  *Id.* at 13.  The agency offered her the position at GS-13, step 6, with a salary of $100,118 ($87,014 plus a 15.06% locality adjustment of $13,561).  *Id.* at 7-8, 13.  The promotion became effective December 10, 2017.  *Id.* at 15.

¶3        On June 6, 2018, the agency notified the appellant that, during a recent audit, it discovered a pay-setting error related to her July 23, 2017 transfer. 0790 IAF, Tab 6 at 4-6.  Specifically, the agency determined that, pursuant to Air Force Instruction (AFI) 36-802, Pay Setting, ¶ 1.2.5.3 (Sept. 1, 1998), it should have set the appellant's pay upon transfer at GS-12, step 8, instead of GS-12, step 10.  *Id.* at 5.  That paragraph provides as follows:

> **Conversion or Transfer to a Lower Grade**.  Unless entitled to grade or pay retention, pay for conversions or transfers to positions at a lower grade will be set at a step of the lower grade which upon repromotion will not place the employee in a rate exceeding that previously held in the higher grade.

0790 IAF, Tab 17 at 37.  The agency explained that, because it originally set the appellant's pay upon transfer at GS-12, step 10, when it repromoted her to GS-13, it was required under the two-step promotion rule of 5 U.S.C. § 5334(b) to set her pay at GS-13, step 6, which exceeded the GS-13, step 4 salary that she held immediately prior to her transfer from the Department of State, thus violating AFI 36-802, ¶ 1.2.5.3.[3]  0790 IAF, Tab 6 at 5.  The agency informed the appellant that it would process corrections to the transfer and promotion actions to reflect the correct pay and that this would result in a debt to the agency for the amount of salary that she had been overpaid since the time of her transfer.  *Id.*  On or about July 3, 2018, the agency processed corrections retroactively reducing the appellant's pay upon transfer from GS-12, step 10 to GS-12, step 8 and her pay

---

[3] Section 5334(b) of the U.S. Code provides in relevant part as follows:

> An employee who is promoted or transferred to a position in a higher grade is entitled to basic pay at the lowest rate of the higher grade which exceeds his existing rate of basic pay by not less than two step-increases of the grade from which he is promoted or transferred.

upon repromotion from GS-13, step 6 to GS-13, step 4. *Id.* at 6-8. The agency determined that the appellant had received a total overpayment of $2,059.20 as a result of the pay-setting error, and after accounting for deductions and adjustments, her remaining debt was $601.43. 0790 IAF, Tab 8 at 7, 10. On July 21, 2018, the agency issued the appellant a debt collection letter, instructing her to pay the amount in full by September 1, 2018. *Id.* at 7-9. On August 29, 2018, the appellant filed a Board appeal challenging her reduction in pay. 0790 IAF, Tab 1. She did not request a hearing. *Id.* at 2.

¶4        Meanwhile, on July 10, 2018, an agency personnel official notified the appellant that her next WIGI was scheduled for July 22, 2018. *Hicks v. Department of the Air Force*, MSPB Docket No. DC-531D-19-0151-I-1, Initial Appeal File (0151 IAF), Tab 1 at 10. However, despite the appellant's fully successful performance, the agency took no action on the WIGI, neither granting it nor explicitly denying it. *Id.* at 6. On November 20, 2018, the appellant filed a Board appeal of the WIGI denial. *Id.* at 4. She did not request a hearing. *Id.* at 2. The administrative judge joined the two appeals for processing. 0151 IAF, Tab 9.

¶5        After the close of the record, the administrative judge issued an initial decision dismissing the appellant's reduction-in-pay appeal for lack of jurisdiction and dismissing her WIGI appeal as moot. 0151 IAF, Tab 14, Initial Decision (ID). He found that the agency reduced the appellant's pay to correct a pay-setting error and that the reduction-in-pay appeal was therefore excluded from the Board's jurisdiction under 5 C.F.R. § 752.401(b)(15). ID at 3-9. He also considered the appellant's argument that the agency effected a debt collection against her without due process, but he found that the appellant failed to prove her claim. ID at 9. Finally, the administrative judge found that the WIGI appeal was moot because the agency granted her WIGI retroactive to July 22, 2018. ID at 9-10.

¶6     The appellant has filed a petition for review, disputing the administrative judge's findings on jurisdiction and due process. *Hicks v. Department of the Air Force*, MSPB Docket No. DC-531D-19-0151-I-1, Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4. During the pendency of the petition for review, the Office of the Clerk of the Board issued a show cause order, notifying the agency that AFI 36-802 may not have the force and effect of law such that the correction of a pay-setting error in violation of the AFI would be excluded from the Board's jurisdiction. PFR File, Tab 5. The order informed the agency of the applicable standard and ordered it to file evidence and argument on the issue. *Id.* The agency responded to the show cause order, and the appellant replied to the agency's response. PFR File, Tabs 6-7.

## ANALYSIS

### The appeal concerning a WIGI denial is moot.

¶7     The Board's jurisdiction over an agency action is determined by the nature of the action at the time an appeal is filed with the Board, and an agency's unilateral modification of its action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or unless the agency completely rescinds the action being appealed. *Himmel v. Department of Justice*, 6 M.S.P.R. 484, 486 (1981). Thus, the Board may dismiss an appeal as moot if the appealable action is canceled or rescinded by the agency. In order to render an appeal moot, however, an agency must prove that it completely rescinded its action, thereby returning the appellant to the status quo ante and not leaving her in a worse position because of the rescission than she would have been in if the matter had been adjudicated and she had prevailed. *Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 (2007); *Gillespie v. Department of Defense*, 90 M.S.P.R. 327, ¶ 7 (2001).

¶8          In this case, the administrative judge found that the appeal was moot because the agency granted the appellant's WIGI retroactive to July 22, 2018, which was the date that she first became eligible for it, and awarded her back pay for the interim period.  ID at 9; 0151 IAF, Tab 6 at 9-10, 14-17, 19-28.  The appellant does not dispute the administrative judge's findings on this issue, and for the reasons explained in the initial decision, we agree with the administrative judge that the WIGI appeal is moot.  *See Jazdzewski v. Department of Agriculture*, 35 M.S.P.R. 541, 542-43 (1987).

The Board lacks jurisdiction over the reduction-in-pay appeal.

¶9          The Board has jurisdiction to review an appeal of a reduction in grade or pay.  5 U.S.C. §§ 7512, 7513(d).  The general rule is that a reduction in an employee's rate of basic pay is appealable to the Board.  *See* 5 U.S.C. §§ 7511(a)(4), 7512(4), 7513(d).  However, there is an exception to this rule for cases in which an agency reduces an employee's basic pay "from a rate that is contrary to law or regulation."  5 C.F.R. § 752.401(b)(15).  Such an action is not appealable to the Board.  *Id.*; *see Hall v. Department of the Navy*, 73 M.S.P.R. 251, 254 (1997); *Warren v. Department of Transportation*, 19 M.S.P.R. 560, 565 (1984).

¶10         When an agency contends that it reduced an employee's pay to correct what it believes was an error in setting pay, then the agency bears the burden of showing that it set the employee's pay at a rate contrary to law or regulation.  *Lomax v. Department of Defense*, 78 M.S.P.R. 553, 559-60 (1998).  The Board has held that an employee should not be forced to prove that the agency did not make an error in setting her pay because the agency is in a much better position to know why it originally set the employee's pay as it did and what later led it to conclude that it made an error.  *Vega v. U.S. Postal Service*, 108 M.S.P.R. 221, ¶ 11 (2008).

¶11         As noted above, the alleged pay-setting error in this case was detected during an audit approximately 10 months after the appellant first transferred to

the agency at GS-12, step 10. 0790 IAF, Tab 6 at 4. When the appellant was repromoted to GS-13, the agency was required to set her pay at step 6 of that grade because that was the lowest step "which exceed[ed her] existing rate of basic pay by not less than two step-increases of the grade from which [she was] promoted." 5 U.S.C. § 5334(b). This much appears to be undisputed. 0790 IAF, Tab 4 at 4, Tab 17 at 8-9. The dispute concerns whether the agency's original pay-setting action upon transfer was contrary to law or regulation.

¶12 According to the agency, the original pay setting at GS-12, step 10 was contrary to AFI 36-802, ¶ 1.2.5.3, because it resulted in a repromotion to GS-13, step 6, which exceeded the appellant's previous rate of GS-13, step 4 at the Department of State. 0790 IAF, Tab 17 at 8-10. The administrative judge agreed and found that the original pay setting was contrary to that regulation, and therefore, the reduction in pay to correct that error was outside the Board's jurisdiction. ID at 7-9.

¶13 The appellant disagrees with that analysis for two reasons. First, she argues that the agency improperly interprets the term "pay" in AFI 36-802, ¶ 1.2.5.3, to mean "basic pay" rather than "adjusted basic pay," i.e., basic pay plus the locality adjustment. PFR File, Tab 1 at 8-10. Including the locality adjustment as part of the appellant's "pay," her rate upon repromotion was still less than her previously held rate because she transferred from a higher-rate locality area to a lower one. Including the locality adjustments, the appellant's former GS-13, step 4 position in the Washington, D.C., locality area paid at a higher rate ($104,275) than her GS-13, step 6 repromotion position in the rest of the United States locality area ($100,118). 0709 IAF, Tab 5 at 4, 7-9, 15. Only by excluding the locality pay could the appellant's repromotion pay ($87,014) be said to exceed her former GS-13 rate of pay ($84,042). *Id.* at 7.

¶14 An administrative agency's interpretation of its own regulations is generally entitled to great deference, unless the interpretation is plainly erroneous or inconsistent with governing law. *Connolly v. Department of Homeland Security*,

99 M.S.P.R. 422, ¶ 15 (2005). Under the circumstances of this case, we find that deference to the agency's interpretation is appropriate. The definitions section of AFI 36-802 provides as follows:

> **Locality Pay**—Locality-based comparability payments for GS employees. Locality pay is basic pay only for purposes of retirement (Civil Service Retirement System, Federal Employees Retirement System, and the Thrift Savings Plan), life insurance, premium pay (including overtime pay, hazard pay, and standby duty pay), severance pay, and lump-sum payments for annual leave. Locality pay is not basic pay for within-grade increases, promotions, pay retention, highest previous rate, recruitment and relocation bonuses, retention allowances, supervisory differentials, and other payments or benefits calculated as a percentage of basic pay.

AFI 36-802, Attachment 1, *available at* https://static.e-publishing.af.mil/production/1/usafa/publication/afi36-802_usafasup/afi36-802_usafasup.pdf (last visited on Apr. 18, 2023). We therefore find that the agency properly excluded locality pay in determining that the appellant's repromotion resulted in pay at a rate exceeding that which she previously held with the Department of State.

¶15      Second, the appellant argues that the agency has failed to identify any law or Office of Personnel Management (OPM) regulation to support its promulgation of AFI 36-802. PFR File, Tab 1 at 7-8. She disputes the agency's contention that AFI 36-802, ¶ 1.2.5.3, "directly mimics 5 U.S.C. 5334(b)." PFR File, Tab 1 at 7; 0790 IAF, Tab 17 at 10. We agree with the appellant that AFI 36-802, ¶ 1.2.5.3, is not derived from 5 U.S.C. § 5334(b); there is nothing in that statute to prevent an employee being repromoted at a rate that exceeds her former pay in the same grade. Nor has the agency identified any other statute or regulation that imposes such a restriction on pay setting. This raises the question of whether AFI 36-802 is a "law or regulation" within the meaning of 5 C.F.R. § 752.401(b)(15).

¶16      Because neither party received notice of the applicable standard below, the Office of the Clerk of the Board issued a show cause order seeking evidence and argument on whether AFI 36-802 is a regulation entitled to the force and effect of

law.  PFR File, Tab 5.  Regardless of whether a provision of an agency's personnel manual or handbook was published or promulgated under the standards set out in the Administrative Procedure Act, such provision is a regulation entitled to the force and effect of law if:

> (1) the promulgating agency was vested with the authority to create such a regulation; (2) the promulgating agency conformed to all procedural requirements, if any, in promulgating the regulation; (3) the promulgating agency intended the provision to establish a binding rule; and (4) the provision does not contravene a statute.

*Hamlet v. United States*, 63 F.3d 1097, 1105 (Fed. Cir. 1995).

¶17    Regarding the first element, we find that AFI 36-802 was promulgated by order of the Secretary of the Air Force, who is authorized under 10 U.S.C. § 9013(g)(3) to "prescribe regulations to carry out his functions, powers, and duties under this title," which includes management of the civilian workforce. PFR File, Tab 6 at 8; 0790 IAF, Tab 17 at 35; *see* 10 U.S.C. § 129.  These facts are not in dispute, and we find that the agency was vested with the authority to create AFI 36-802.

¶18    Regarding the second element, the agency alleged that the agency promulgated AFI 36-802 according to the applicable procedures found in AFI 33-360, Communications and Information (Dec. 1, 2015).  PFR File, Tab 6 at 8-9, 12-175.  This fact is also undisputed, and we find that AFI 36-802 was promulgated in conformity with all applicable procedural requirements.

¶19    Regarding the third element, the agency argues that it intended AFI 36-802 to establish a binding rule.  PFR File, Tab 6 at 9.  By its own terms, the AFI "applies to all commanders, civilian personnel officers, staff officers, and supervisors of US civilian employees who are covered by the [General Schedule] and [Federal Wage System]."  PFR File, Tab 6 at 9; 0790 IAF, Tab 17 at 35.  In addition, the Guidance Memorandum supplementing AFI 36-802 states that "[c]ompliance with this memorandum is mandatory," and, to the extent that there is a conflict with other agency publications, the memorandum controls.  PFR File,

Tab 6 at 9; 0790 IAF, Tab 17 at 31. The appellant disputes this, arguing that the AFI is akin to nonbinding OPM Policy Guidelines because it is subject to change and "may be supplemented at any level." PFR File, Tab 7 at 4-5; 0790 IAF, Tab 17 at 31. However, we do not think that these characteristics of the AFI are material to the issue of whether it is binding. The fact that the AFI may be supplemented at any level does not mean that it can be overruled, contradicted, or ignored; to our understanding, supplementation entails the provision of additional terms that are not inconsistent with the underlying material. Nor is it significant that the AFI is subject to change because any law or regulation is subject to change by the proper authority under proper procedures. The appellant points out that the language the agency identified concerning mandatory compliance appears in the accompanying Guidance Memorandum and not in the AFI itself. PFR File, Tab 7 at 5-6; 0790 IAF, Tab 17 at 31. This is true. However, AFI 36-802 itself similarly says in the header on page 1 that "**COMPLIANCE WITH THIS PUBLICATION IS MANDATORY**." Given the explicit and unambiguous nature of this language, the nonoptional connotation of the term Air Force "Instruction," as opposed to OPM "Guideline," and the description of AFIs in AFI 33-360, Table 4.1, Item 4, as "orders of the Secretary of the Air Force" to "ensure compliance . . . Air Force-wide," we find that AFI 36-802 was meant to establish a binding rule. PFR File, Tab 6 at 59.

¶20 Regarding the fourth element, the agency argues that AFI 36-802, ¶ 1.2.5.3, is consistent with the related statutory and regulatory provisions of 5 U.S.C. § 5334(b), 5 C.F.R. part 531, subpart B, and 5 C.F.R. part 532, subpart D. PFR File, Tab 6 at 9. The appellant disputes this, arguing that AFI 36-802, ¶ 1.2.5.3, is not derived from 5 U.S.C. § 5334(b), as the agency alleged below. PFR File, Tab 7 at 6-7; 0790 IAF, Tab 17 at 10. Although we agree with the appellant that AFI 36-802, ¶ 1.2.5.3, is not derived from 5 U.S.C. § 5334(b), *see supra* ¶ 15, the issue is not whether the AFI reiterates a statute but whether it contravenes a statute. *Hamlet*, 63 F.3d at 1105. We find that AFI 36-802, ¶ 1.2.5.3, does not

contravene 5 U.S.C. § 5334(b), and we are aware of no other statute or regulation with which it is inconsistent.

¶21    For these reasons, we find that AFI 36-802, ¶ 1.2.5.3, is a regulation with the force and effect of law under *Hamlet*.  We further find, for the reasons explained above, that the agency's initial setting of the appellant's pay at GS-12, step 10 was contrary to AFI 36-802, ¶ 1.2.5.3.  *See supra* ¶¶ 11-13.  Therefore, we conclude that the appellant's reduction in pay was from a rate that was contrary to regulation and that this action is excluded from the Board's jurisdiction under 5 C.F.R. § 752.401(b)(15).  *See Desai v. Environmental Protection Agency*, 107 M.S.P.R. 268, ¶ 6 (2007); *Lemon v. Department of Labor*, 44 M.S.P.R. 43, 47-48 (1990).

¶22    The appellant argues, in the alternative, that even if the agency set her pay at a level contrary to law or regulation, the correction of that error should not be excluded from the Board's jurisdiction under 5 C.F.R. §752.401(b)(15) because the agency did not make the correction within a reasonable time.  Instead, it waited nearly a year to do so.  PFR File, Tab 1 at 11-13.  The appellant cites case law in support of her argument, but we are not persuaded.  None of the court or Board precedential decisions that the appellant cites deal with the specific regulatory provision at issue, which itself places no time limit on making a pay correction.  PFR File, Tab 1 at 11-12; *see Mazaleski v. Treusdell*, 562 F.2d 701, 719-20 (D.C. Cir. 1977) (pertaining to the correction of an error in agency termination proceedings); *Gratehouse v. United States*, 512 F.2d 1104, 1109-10 (Ct. Cl. 1975) (pertaining to the correction of an error in a final decision of the Civil Service Commission); *Bookman v. United States*, 453 F.2d 1263, 1264-66 (Ct. Cl. 1972) (same); *Hudlow v. Department of the Treasury*, 8 M.S.P.R. 467, 469 (pertaining to the correction of an erroneously granted WIGI).  The initial decision that the appellant cites does deal with the specific regulation at issue, *Rodgers v. Department of Labor*, MSPB Docket No. DC-0752-13-0435-I-1, Initial Decision (Dec. 11, 2013), but initial decisions are of no precedential value and

therefore are not binding on the Board,[4] *Harris v. Department of the Navy*, 15 M.S.P.R. 464, 567 n.4 (1983). Furthermore, we do not find this initial decision to be persuasive because the administrative judge relied on the same case law cited above. Moreover, even if we were to find that unreasonable delay in correcting a pay-setting error could preclude the application of 5 C.F.R. § 752.401(b)(15), we are not persuaded that the pay correction within 1 year of the original error, and within 1 month of the agency discovering the error, was unreasonably delayed under the circumstances of this case.

We do not reach the appellant's arguments concerning due process.

¶23     On petition for review, the appellant renews her arguments that the agency denied her due process with regard to the reduction in pay and collection of the overpayment of salary. PFR File, Tab 1 at 13-16. However, as stated above, the Board lacks jurisdiction over the appellant's reduction-in-pay claim, *supra* ¶ 21, and the Board lacks jurisdiction over debt collections by an agency other than OPM when the collection is not integral to an otherwise appealable action, *see Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 5 (2010); *Brathwaite v. U.S. Postal Service*, 34 M.S.P.R. 239, 241 (1987). An allegation that an agency failed to afford an appellant minimal due process does not confer upon the Board an independent basis to review matters outside its statutory jurisdiction. *See Riddick v. Department of the Navy*, 41 M.S.P.R. 369, 372 (1989). Because the Board lacks jurisdiction over the appellant's reduction-in-pay appeal, we do not reach her arguments concerning due process. *See Secrist*, 115 M.S.P.R. 199, ¶ 7. Accordingly, we vacate the administrative judge's finding that the appellant failed to prove her due process claims. ID at 7-9.

---

[4] *Mazaleski*, 562 F.2d 701, is not binding on the Board either because it is a decision of the U.S. Court of Appeals for the District of Columbia Circuit. *See Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39, *aff'd*, 844 F.2d 775 (Fed. Cir. 1987).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.