# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEFFREY J. HATCH,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-17-0416-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE:　March 14, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey J. Hatch, Roanoke, Virginia, pro se.

W. Iris Barber, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency did not prove the lack of candor charge, we AFFIRM the initial decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The agency proposed to remove the appellant from his GS-14 General Attorney position based on four charges: (1) Failure to Timely Carry Out Duties as Agency Attorney, supported by 13 specifications; (2) Failure to Properly Carry Out Duties as Agency Attorney, supported by 24 specifications; (3) Failure to Follow Supervisory Instructions, supported by 7 specifications; and (4) Lack of Candor (charging that, when asked if he had informed the agency official designated as the client that default judgments had been entered in various cases, his response inferred that he had done so when he had not), supported by 5 specifications. Initial Appeal File (IAF), Tab 5 at 32-40. The appellant responded to the notice, admitting to some of the charged misconduct and explaining that he was being treated for depression following treatment for cancer. *Id*. at 17-20. The deciding official sustained the following: charge (1), specifications 3-4, 6-13; charge (2), specifications 2-6, 8-9, 14-20, 23-24; charge (3), specifications 1-7; and charge (4), specifications 3-5. Thus, the deciding official sustained all of the charges, and found that the removal penalty was appropriate and within the range of reasonableness. *Id*. at 13.

The appellant appealed the agency's action. IAF, Tab 1. During proceedings before the Board, he failed to follow numerous Board orders, and the originally assigned administrative judge cancelled the appellant's requested hearing as a sanction. IAF, Tab 15. He also precluded the appellant from introducing evidence of any physical and/or mental ailments and treatment as a sanction for failing to comply with the agency's second discovery request. IAF, Tab 19. Another administrative judge was assigned to issue the initial decision based on the written record. IAF, Tab 24. In the initial decision, the administrative judge found that the agency proved its charges by preponderant evidence. IAF, Tab 25, Initial Decision (ID) at 4-15. He also found that the agency proved nexus between the charged misconduct and the efficiency of the service, and that the penalty was within the bounds of reasonableness. ID at 15-19.

In his petition for review, the appellant argues that the administrative judge failed to address the due process violations and the pre-decisional bias of the deciding official. The appellant also contends that the administrative judge improperly analyzed the proof necessary to establish a lack of candor charge and did not properly address all relevant *Douglas*[2] factors. Petition for Review (PFR) File, Tab 1.[3] The agency has responded in opposition to the petition. PFR File, Tab 3.

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct. The *Douglas* factors include, *inter alia*, the nature and seriousness or the offense, the employee's past disciplinary record, his potential for rehabilitation, and any mitigating circumstances surrounding the offense.

[3] The appellant appears to argue that he should have been charged with poor performance, not misconduct. However, it is well settled that an agency may impose an adverse action for unacceptable performance under 5 U.S.C. chapter 75. *See Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 40, *aff'd*, 844 F.2d 775 (Fed. Cir. 1987).

## ANALYSIS

<u>The administrative judge erred in finding that the agency proved the lack of candor charge by preponderant evidence.</u>

Lack of candor "is a broader and more flexible concept" than falsification. *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002). However, although lack of candor does not require an "affirmative misrepresentation," it "necessarily involves an element of deception." *Id*. at 1284-85. An agency alleging lack of candor must prove the following elements: (1) the employee gave incorrect or incomplete information; and (2) he did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016).

The sustained specifications underlying the agency's lack of candor charge allege that, during a meeting on October 13, 2016, the appellant stated that he had told the client that default judgments had been entered in three cases assigned to him. IAF, Tab 5 at 39-40. To prove the charge, the agency introduced the sworn declarations of the Deputy Chief Counsels and the Chief Counsel. These declarations corroborate, in pertinent part, that the appellant made the statements identified in the charge. IAF, Tab 20 at 37-38, 43-45, Tab 23 at 11, 13, 15. The Deputy Chief Counsels and the Chief Counsel were present when the appellant stated that he had told the client of the default judgments, and, thus, their sworn declarations are evidence of the appellant's statements on October 13, 2015. The agency also introduced a contemporaneous summary of the meeting with the client who said that the appellant had not told her of the default judgments. IAF, Tab 8 at 244.

In the initial decision, the administrative judge found that the agency's evidence established the lack of candor charge. ID at 15. However, he failed to make specific findings on the knowing element of the lack of candor charge, considering all the evidence of record. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (finding that an initial decision must

identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests). Because the record is fully developed on the lack of candor charge, the Board can analyze whether the agency established the knowing element of the lack of candor charge without remanding the case. *See Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 27 (2016)

Although the agency's evidence established that the appellant appears to have given incorrect information, it does not show that he did so knowingly. The appellant stated that he believed that he discussed the cases that resulted in the default judgments with the client at a monthly meeting in early August 2016, at a time when another case was discussed. IAF, Tab 21 at 6. He contends that he told the deciding official at the oral reply meeting that he could accept that the client had a different recollection, but that he never attempted to remove orders or otherwise alter documents and never had any intention of deceiving anyone about the facts of the cases. *Id*. The appellant's statement admits that his recollection and that of the client differ, but it does not concede that the client's recollection of what he said is accurate. Moreover, on review, the appellant contends that he was candid with his supervisors and never withheld any information necessary for them to uncover his failure to carry out his duties. PFR File, Tab 1. Under these circumstances, the agency's evidence falls short of establishing that the appellant knowingly gave incorrect or incomplete information during the October 13, 2016 meeting. *See Fargnoli*, 123 M.S.P.R. 330, ¶ 17. Accordingly, we modify the initial decision to find that the agency failed to prove the lack of candor charge. However, we find no basis for disturbing the administrative judge's well-reasoned findings regarding charges (1), (2), and (3).

The appellant's due process claims do not provide a basis for review.

In the September 7, 2017 Order and Summary of Close of Record Conference, the administrative judge determined that the material issues to be

decided in this appeal are whether the agency can prove the following by preponderant evidence: the appellant engaged in the charged misconduct; there is nexus between the penalty and the efficiency of the Federal service; and the removal penalty was reasonable. The administrative judge stated that the appellant did not raise any affirmative defenses. IAF, Tab 19. The administrative judge stated that, if any party disagreed with the summary, they must notify the Board within 7 calendar days of the date of the September 7, 2017 order. *Id*. at 3. The appellant failed to make a timely objection to the summary. On September 22, 2017, the appellant raised due process claims for the first time. IAF, Tab 21 at 7. The administrative judge therefore correctly noted in the initial decision that these claims were waived. ID at 19 n.15.

In any event, although the Board has held that it would be a violation of due process "to allow an individual's basic rights to be determined either by a biased decisionmaker or by a decisionmaker in a situation structured in a manner such that [the] risk of unfairness is intolerably high," *Martinez v. Department of Veterans Affairs*, 119 M.S.P.R. 37, ¶ 6 (2012) (quoting *Withrow v. Larkin*, 421 U.S. 35, 58 (1975)), the appellant's assertion of pre-decisional bias is unavailing. The appellant alleges that the deciding official already had decided that a failure to carry out duties is the "most serious" offense that could be committed and asked for a Standard Form 52 in the event the appellant decided to resign. However, the Board has found that there is no general proscription of appointing a deciding official who is familiar with the facts of the case and who has expressed a predisposition contrary to the appellant's interests. *Svejda v. Department of the Interior*, 7 M.S.P.R. 108, 111 (1981). The appellant also alleges that the deciding official took an active role in the investigation. However, the Board has found that a deciding official's knowledge of and involvement in an investigation that led to the appellant's removal did not violate due process. *See Lange v. Department of Justice*, 119 M.S.P.R. 625, ¶ 10 (2013).

The appellant additionally asserts that, after the proposing official revoked the appellant's computer access out of fear that the appellant could destroy documents relevant to the agency's case, the deciding official took no action to have the appellant's computer access restored, thereby allegedly denying him due process in his defense. PFR File, Tab 1 at 4. Although the proposing official revoked the appellant's computer access for a time, the agency established that it restored the appellant to read-only access to all of his computer files for more than a week before he responded to the notice. IAF, Tab 23 at 10-11. Under these circumstances, the deciding official's inaction to restore the appellant's computer access did not adversely affect his due process right to an opportunity to respond to the notice of proposed removal. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991) (finding that due process ordinarily requires prior notice of the reason for a proposed adverse action, an explanation of the agency's evidence, and the right to respond (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985))).

Removal is a reasonable penalty for the sustained charges.

Because the administrative judge erred in sustaining all the charges, the penalty analysis based on proof of all the charges must be reexamined. When not all the charges are sustained, the Board will consider carefully whether the sustained charges merited the penalty imposed by the agency. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 308 (1981). The Board may mitigate the agency's penalty to the maximum reasonable penalty so long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999). However, in doing so, the Board may not disconnect its penalty determination from the agency's managerial will and primary discretion in disciplining employees. *Id*. at 1258.

Here, the agency has not stated a desire that a lesser penalty be imposed on fewer charges. Further, the misconduct was serious. The appellant's failure to

carry out his duties related directly to his duties, position, and responsibilities. *See Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010) (stating that the most important factor in assessing whether the agency's chosen penalty is within the tolerable bounds of reasonableness is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities). Additionally, the misconduct was known outside of the agency and thus had some notoriety, resulting in a detrimental impact on the agency's reputation. It also had a detrimental impact on the agency's fiscal interests because of the payments the agency had to make as a result of the default judgments that resulted from the appellant's failure to carry out his duties. We find that, in light of the seriousness of the proven misconduct, and its notoriety, even considering all of the appropriate mitigating factors, including the appellant's lack of disciplinary record and remorse, the removal penalty does not exceed the tolerable limits of reasonableness.

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.