**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

TONYA SWISHER,

  Appellant,

  v.

DEPARTMENT OF VETERANS
  AFFAIRS,

  Agency.

DOCKET NUMBER
CH-0714-19-0126-I-1

DATE: September 8, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Duwel, Esquire, Dayton, Ohio, for the appellant.

Demetrious A. Harris, Esquire, Dayton, Ohio, for the agency.

Amber Groghan, Esquire, Akron, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1    The agency has filed a petition for review of the initial decision, which reversed the agency's removal action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, except as expressly MODIFIED to clarify that the doctrine of *res ipsa loquitur* is inapplicable to the facts of this case and that the agency failed to prove by substantial evidence its charge of negligence because it did not put forth any evidence demonstrating the standard of care that the appellant was to exercise or that the appellant failed to exercise reasonable care in this matter.

## BACKGROUND

¶2      On November 5, 2018, the agency proposed the removal of the appellant, formerly a Pharmacy Technician in the Pharmacy Service of the Dayton Veterans Affairs Medical Center, pursuant to 38 U.S.C. § 714. Initial Appeal File (IAF), Tab 8 at 15-17. The agency charged the appellant with: (1) negligence, (2) failure to safeguard a confidential matter, and (3) a Health Insurance Portability and Accountability Act privacy rule violation, all of which stemmed from the loss of one bag of medication that the appellant was responsible for delivering to an agency facility. *Id.* at 15-16. The appellant submitted written and oral replies to the proposed removal, and on November 26, 2018, the agency issued a decision sustaining the charges and removing the appellant effective December 7, 2018. *Id.* at 9-11, 13-14. The appellant timely filed an appeal and

requested a hearing; she alleged that her removal was unwarranted because she had correctly followed procedure, she had excellent performance reviews and no record of discipline, and she suspected that her termination was linked to her request for leave protected under the Family and Medical Leave Act (FMLA).[2] IAF, Tab 1 at 5, 11.

¶3    After holding the requested hearing, the administrative judge issued an initial decision reversing the agency's removal action. IAF, Tab 27, Initial Decision (ID). The administrative judge merged the agency's three charges and found that the agency had not proven its charge by substantial evidence because the agency had no policies that dictated how the appellant was to treat the bags of medication she was to deliver and that the appellant followed any agency procedures in place to safeguard the medication bags and patients' protected health information. ID at 4 n.1, 6-10. The administrative judge also found that, after the medication bag went missing, an individual had taken medication from the missing bag, which served to act as an intervening event such that the appellant was not responsible for the loss of the medication. ID at 10. Finally, the administrative judge observed that the agency had strengthened its procedures for safeguarding medication bags after this incident, and that other employees who had lost medication bags were not removed by the agency. ID at 10. She found that the agency did not show by substantial evidence that the appellant had departed from the conduct expected of a reasonably prudent person acting under similar circumstances and thus did not prove that the appellant was negligent, nor did it show that the appellant had failed to safeguard protected health information as a result of the alleged negligence. ID at 11. Accordingly, she reversed the removal. *Id.*

¶4    The agency has filed a petition for review in which it argues that the administrative judge erred by: (1) merging the agency's charges; (2) crediting the

---

[2] The appellant did not subsequently advance an affirmative defense of reprisal for requesting leave protected under the FMLA. *See* IAF, Tabs 13-14, 17.

appellant's testimony that there were many individuals nearby at the time the medication went missing; (3) finding that other employees had similarly lost medications but were not removed; (4) finding that there was no established policy or procedure for delivering the medications in question; and (5) using the agency's subsequent remedial measures to support the conclusion that the underlying policy was flawed. Petition for Review (PFR) File, Tab 1 at 6 n.3, 7-9 & 9 n.4. The agency also renews its argument that it proved by substantial evidence its charge of negligence under the theory of *res ipsa loquitur*. *Id.* at 9-13.

## DISCUSSION OF ARGUMENTS ON REVIEW

We decline to apply *res ipsa loquitur* to the facts of the instant case.

¶5 To prove negligence, the agency must show a failure to exercise the degree of care required under the particular circumstances, which a person of ordinary prudence in the same situation and with equal experience would not omit. *Thomas v. Department of Transportation*, 110 M.S.P.R. 176, ¶ 9 (2008), *aff'd*, 330 F. App'x 920 (Fed. Cir. 2009). The agency must establish the applicable standard of care through agency policy or other factors, such as training, knowledge, customary agency practice, and adequacy of agency procedures. *Mendez v. Department of the Treasury*, 88 M.S.P.R. 596, ¶ 26 (2001). The question of whether the appellant breached the standard of care is an objective inquiry, not based on the appellant's personal belief as to the adequacy of her performance. *Id.*

¶6 The agency established that, as a Pharmacy Technician, the appellant was responsible for delivering medication from the pharmacy to several designated locations at the facility, from which nurses dispense medication to patients. IAF, Tab 8 at 58-62, Tab 24, Hearing Recording (HR) (testimony of the appellant). The agency also established that, as part of her duties, the appellant was responsible for protecting confidential patient health information. IAF, Tab 8

at 22, 58-62, 90-93, HR (testimony of the appellant's first-level supervisor). Despite calling three of the appellant's supervisors as witnesses, however, the agency failed to provide any testimony or documentary evidence as to the standard of care that a reasonably prudent agency Pharmacy Technician with the appellant's experience was to take in delivering medication and protecting patient health information, or that the appellant failed to meet that standard of care. Rather, the agency asserted that it had proved the charge of negligence by substantial evidence on the basis of the doctrine of *res ipsa loquitur*, arguing that the fact that the appellant was in sole possession of the medication bag and lost the bag showed that she was negligent in handling the bag.  IAF, Tab 25 at 7-9.

¶7        On review, the agency reiterates its argument that it has proved its charge under the doctrine of *res ipsa loquitur*.  PFR File, Tab 1 at 11-13.  In a traditional negligence action, a plaintiff must identify specific actions or omissions by the defendant and "must point to a particular way in which that conduct could have been made safer."  *Freudeman v. Landing of Canton*, 702 F.3d 318, 325 (6th Cir. 2012) (quoting Dan B. Dobbs et al., Dobbs' Law of Torts § 168 (2d ed. 2012)).[3] If the plaintiff cannot point to specific actions, she can sometimes evoke the doctrine of *res ipsa loquitur*, which is an evidentiary rule that permits, but does not require, a fact-finder to draw an inference of negligence from circumstantial evidence.  *Id.*  The application of *res ipsa loquitur* generally is controlled by state law.  *See id.*  The events in this case occurred in Ohio, which requires that two prerequisites are met prior to applying the doctrine.  *Id.*  First, the instrumentality causing the plaintiff's injury must have been under the defendant's "exclusive management and control."  *Id.* (quoting *Estate of Hall v. Akron General Medical*

---

[3] While decisions of the U.S. Court of Appeals for the Federal Circuit are controlling authority for the Board, in most circumstances, including those present in this appeal, the decisions of the other Federal courts of appeals are considered persuasive, but not controlling, authority. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 15 n.12 (2016); *see Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39, *aff'd*, 844 F.2d 775 (Fed. Cir. 1987).

*Center*, 927 N.E.2d 1112, 1118 (Ohio 2010)). Second, the injury must have "occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed." *Id.* (citations omitted). However, "[w]here it has been shown by the evidence adduced that there are two equally efficient and probable causes of the injury, one of which is not attributable to the negligence of the defendant, the [doctrine] does not apply." *Id.* (citations omitted). The Supreme Court of the United States has explained that the rule of *res ipsa loquitur* does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in her favor. *Sweeney v. Erving*, 228 U.S. 233, 241 (1913).

¶8         In *Creer v. U.S. Postal Service*, the Board rejected the administrative judge's use of *res ipsa loquitur* to find that the appellant had an accident that resulted in damage to a government vehicle because there was no showing that the direct evidence concerning the cause of the vehicular damage was primarily within the knowledge and control of the appellant, nor was the appellant charged with negligence. *Creer*, 62 M.S.P.R. 656, 659 (1994). Although the appellant here is charged with negligence, we believe that the principle articulated in *Creer* is still applicable. As observed by the Board in *Creer*, application of *res ipsa loquitur* generally is limited to tort actions in which direct evidence concerning the cause of the injury is primarily within the knowledge and control of the defendant. *Creer*, 62 M.S.P.R. at 659. Here, although the missing medication bag itself was under the appellant's control, the agency was in full control of the facility in which the loss occurred and had the means to further investigate and discover information about the incident. Accordingly, we find it inappropriate to apply *res ipsa loquitur* to the instant removal appeal.

The initial decision is modified to clarify that the agency failed to show the standard of care that the appellant was expected to exercise under the circumstances, or that the appellant failed to exercise reasonable care; thus, the agency did not prove by substantial evidence its charge of negligence.

¶9        The administrative judge properly considered whether the agency met its burden of proving negligence by substantial evidence, ultimately concluding that the agency failed to do so. ID at 6-11. First, the agency failed to establish the standard of care applicable to the appellant in delivering the medication bags, or that she failed to exercise reasonable care. It is undisputed that, at the agency facility's pharmacy, medications are placed in Ziploc bags bearing patient names and room numbers for delivery. IAF, Tab 8 at 22. At the time of the loss in question, the Ziploc bags were then placed in blue bags with handles, without any lock or closure, for transport. *Id.* at 25; HR (testimony of the appellant and the appellant's first-level supervisor). The appellant's testimony regarding her actions on the day in question is uncontroverted except for one detail, which we ultimately find to be inconsequential. The appellant testified that on the date of the loss of the medication, she had six bags for delivery to the domiciliary and the nursing home building. HR (testimony of the appellant). Her first-level supervisor testified that the appellant took all eight bags with her, which she testified was not normal practice, but the appellant clarified that she took six bags with her, one of which contained medication for multiple locations. HR (testimony of the appellant and the appellant's first-level supervisor). No evidence indicates that taking six bags was improper.

¶10       The appellant also testified that she followed her regular routine on the day in question and described her routine in great detail, including where she places the bags during her deliveries and how she fills each medication cart. HR (testimony of the appellant). She further detailed how she retraced her steps once she realized one medication bag was missing, contacted her supervisor for assistance, and asked another staff member to contact the agency police and the lost and found. *Id.* No one from the pharmacy staff came to assist her in

searching for the bag. *Id.* Several days later, another pharmacy technician found the missing bag empty in one of the medication rooms the appellant had visited, and the bag's tag was found in another medication room. IAF, Tab 8 at 43. Medication rooms are locked but may be entered with a code, which pharmacy technicians, nurses, and janitorial staff all have. HR (testimony of the police officer). There is nothing in the record that reflected that the appellant deviated from correct procedure or that she improperly took her attention from the medication bag while performing her duties, as her testimony reflected that she was in very close proximity to the bag at all times.

¶11        Under 38 U.S.C. § 714(d)(2)(A), the agency's decision to remove an employee must be sustained if it is supported by substantial evidence. Substantial evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p). However, substantial evidence is "more than a mere scintilla." *Adamsen v. Department of Agriculture*, 116 M.S.P.R. 331, ¶ 7 (2011) (quoting *Leatherbury v. Department of the Army*, 524 F.3d 1293, 1300 (Fed. Cir. 2008)). Despite the agency's low burden of proof in this case, in the absence of any evidence showing that the appellant failed to exercise the degree of care required under the particular circumstances, which a person of ordinary prudence in the same situation and with equal experience would not omit, we are compelled to find that the administrative judge properly declined to sustain the charge of negligence.[4]

---

[4] Because we find that the agency cannot establish its charge of negligence because it failed to show by substantial evidence that the appellant failed to exercise the degree of care required under the particular circumstances, which a person of ordinary prudence in the same situation and with equal experience would not omit, we need not reach, as the administrative judge did, the question of whether the appellant's alleged negligence was the proximate cause of the loss of the medication inside the bag. ID at 10; *see Ross v. Nutt*, 203 N.E.2d 118, 120 (Ohio 1964) (providing that, in order to recover for an

¶12      The agency's arguments regarding the administrative judge's findings regarding the number of individuals present at the time the medication bag went missing and whether other employees previously had lost medication do not persuade us to reach a different result. *See* PFR File, Tab 1 at 7-9. Additionally, as discussed below, we decline to consider those arguments that the agency first raises on review.

The agency failed to raise objections below to the administrative judge's consideration of its subsequent remedial measures and merger of the agency's three charges; thus, we decline to consider them on review.

¶13      On review, the agency challenges the administrative judge's use of its subsequent remedial measures to show that its policy regarding the medication bags was flawed. PFR File, Tab 1 at 9 n.4; *see* ID at 10. Evidence of the agency's subsequent efforts to improve procedures is generally inadmissible to prove that the agency's procedures were defective and does not relieve the appellant of her duty of care. *See* Fed. R. Evid. 407 ("When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . . a defect in a product or its design")[5]; *see also Pall Corp. v. Micron Separations, Inc.*, [66 F.3d 1211](#), 1221 (Fed. Cir. 1995) (observing that Rule 407 bars evidence of subsequent remedial action in proving culpability for a prior act or event). Despite multiple opportunities to object to the admission of evidence regarding the agency's subsequent remedial measures into the record, the agency failed to do so. *See* HR (testimony of the appellant's first-level supervisor, the chief of Pharmacy Services, and the police officer); IAF, Tab 25 at 9. Because the agency failed to object to the admission of this evidence below, we decline to revisit the

___

alleged negligent injury, the act complained of must be the direct and proximate cause of the injury).

[5] Although the Federal Rules of Evidence do not apply to Board proceedings, the Board may look to them for guidance. *Hayden v. U.S. Postal Service*, [15 M.S.P.R. 296](#), 302 (1983), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984) (Table).

administrative judge's findings regarding this issue. *See Harbo v. U.S. Postal Service*, 53 M.S.P.R. 450, 453-55 (1992) (declining to consider the agency's argument that the administrative judge erred in ruling that the appellant had raised an affirmative defense of disability discrimination where the agency did not object below to the ruling and thus did not properly preserve the issue for review); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (stating that a party's failure to timely object to rulings on witnesses precludes his doing so on petition for review); *Hill v. Department of Health and Human Services*, 28 M.S.P.R. 91, 92-93 (1985) (stating that a parties' failure to object at hearing to the introduction of allegedly irrelevant evidence precluded her from doing so on review), *aff'd*, 795 F.2d 1011 (Fed. Cir. 1986) (Table). Moreover, we need not consider the agency's subsequent remedial measures to reach our conclusion in this case.

¶14    The agency also alleges on review that the administrative judge improperly merged the three charges that the deciding official sustained in effecting the appellant's removal. PFR File, Tab 1 at 6 n.3; *see* IAF, Tab 8 at 9-11, 15-16. In the initial decision, the administrative judge noted that she merged the charges because they were based on the same facts, and that establishing one charge would also establish the other charges. ID at 4 n.1. Previously, in issuing a summary of the prehearing conference, the administrative judge informed the parties that, because the parties agreed that establishing the first charge would also establish the second and third charges, the charges were merged into one charge with three specifications. IAF, Tab 17 at 1-2. The administrative judge directed the parties to file any corrections or objections to the summary within 5 days from the date of the summary. *Id.* at 5. The agency did not object to the summary. Again, because the agency did not file any objections to the administrative judge's ruling, it is precluded from raising this issue on review. *See Harbo*, 53 M.S.P.R. at 453-55. Accordingly, we affirm the initial decision reversing the agency's removal action.

**ORDER**

¶15      We ORDER the agency to cancel the appellant's removal and restore the appellant to duty as of the date of her removal.  *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984).   The agency must complete this action no later than 20 days after the date of this decision.

¶16      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.   We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.   If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶17      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.   The appellant, if not notified, should ask the agency about its progress.  *See* [5 C.F.R. § 1201.181](#)(b).

¶18      No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.   The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.   [5 C.F.R. § 1201.182](#)(a).

¶19      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, <u>582 U.S. 420</u> (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled).  *****Do not process online SF50s until notified to do so by DFAS Civilian Pay.*****

☐ 5) Certified timecards/corrected timecards.  *****Do not process online timecards until notified to do so by DFAS Civilian Pay.*****

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.