UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

ROBIN E. BROWN,
        Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
        Agency.

DOCKET NUMBER
AT-0752-18-0660-I-1

DATE: July 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Christopher D. Brown, Nashville, Tennessee, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was separated from her dual status military technician position for failure to maintain membership in the National Guard, as required by 32 U.S.C. § 709(b)(2) and (f)(1)(A), after the Tennessee National Guard denied her reenlistment. Initial Appeal File (IAF), Tab 4 at 23, 25-26. In an initial decision, the administrative judge dismissed the appellant's termination appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision. The appellant has filed a petition for review of the initial decision, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. After the close of the record on review, the appellant submitted two motions for leave to file additional evidence that she claims is new and material. PFR File, Tabs 5, 9. The agency has filed responses to the appellant's motions. PFR File, Tabs 7, 11.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden

of establishing jurisdiction over her appeal by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). On review, the appellant makes the following arguments in support of her contention that the Board has jurisdiction over her appeal: (1) there is no evidence in the record that her appeal concerns either activity occurring while she was in a military pay status or her fitness for duty; (2) the administrative judge impermissibly expanded the meaning of "military-unique service requirements" to include requirements other than those strictly related to physical fitness; and (3) the agency violated her due process rights. PFR File, Tab 1 at 4-10. For the following reasons, we agree with the administrative judge that the Board lacks jurisdiction over the appeal.

While this appeal was pending on review, the U.S. Court of Appeals for the Federal Circuit issued *Dyer v. Department of the Air Force*, 971 F.3d 1377 (Fed. Cir. 2020), which governs the outcome in this matter, even though the events in this matter predate the issuance of the *Dyer* decision. *See Porter v. Department of Defense*, 98 M.S.P.R. 461, ¶¶ 11-14 (2005) (explaining that judicial decisions are given retroactive effect to all pending cases, whether or not those cases involve predecision events); *see also Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39 (stating that decisions of the U.S. Court of Appeals for the Federal Circuit are controlling authority for the Board in adverse action appeals), *aff'd per curiam*, 844 F.2d 775 (Fed. Cir. 1987). We briefly discuss the relevant facts of *Dyer* here.

Mr. Dyer enlisted in the West Virginia Air National Guard (WVANG), and he was later appointed in his civilian capacity to a dual status position as a military technician. *Dyer*, 971 F.3d at 1378. Pursuant to 32 U.S.C. § 709(b)(2) and (f)(1)(A), and as a requirement to maintain his dual status position, Mr. Dyer was required to continue his membership with the WVANG. *Dyer*, 971 F.3d at 1378. He was eventually separated from the WVANG, and, on that basis, the WVANG Adjutant General terminated his dual status employment. *Id.* at 1378-79. Mr. Dyer filed a Board appeal, and the administrative judge found

that the Board had jurisdiction over the appeal and that Mr. Dyer was provided with due process. *Id.* at 1379. The initial decision became the Board's final decision, and Mr. Dyer petitioned the court for review. *Id.*

The court found that the Board lacked jurisdiction over Mr. Dyer's appeal. *Id.* at 1379, 1384. In pertinent part, the court noted that, "[t]o be employed as a dual-status technician, among other requirements, the civilian must be a military member of the National Guard." *Id.* at 1380 (citing 32 U.S.C. § 709(b)(2)). The court described as "clear" the statutory language in 32 U.S.C. § 709(f)(1)(A), which states that the Adjutant General must "'promptly separate[] from military technician (dual status) employment' any dual status technician who has been separated from the National Guard." *Id.* (quoting 32 U.S.C. § 709(f)(1)(A)). Noting that National Guard membership is a "fundamental military-specific requirement attendant to a dual-status employee's military service," and that the statute does not give the Adjutant General any discretion with respect to the termination of a dual status employee who has been separated from the National Guard, the court concluded that Mr. Dyer's termination from dual status employment as a result of his separation from the National Guard concerned fitness for duty in the reserve components. *Id.* at 1381-84. The court further held that, pursuant to section 709(f)(4), the termination fell within an exception that precludes a right of appeal to the Board "<u>when the appeal concerns . . . fitness for duty in the reserve components</u>," and the Board therefore lacked jurisdiction over Mr. Dyer's appeal.[2] *Id.* at 1381, 1384 (quoting 32 U.S.C. § 709(f)(4)) (emphasis in original).

Similarly, here, the appellant's termination based on her separation from the National Guard concerned her fitness for duty in the reserve components. Pursuant to 32 U.S.C. § 709(f)(4), her only avenue for appeal is with the Adjutant

---

[2] The Office of Personnel Management regulations implementing this statutory language recognize the exception to Board jurisdiction in 32 U.S.C. § 709(f)(4). 5 C.F.R. § 432.102(b)(16), 752.401(b)(17); *see* Probation on Initial Appointment to a Competitive Position, 87 Fed. Reg. 67765, 67769, 67779, 67782-83 (Nov. 10, 2022).

General, and the Board lacks jurisdiction over her appeal. Accordingly, we do not address any arguments related to due process. *See Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 13 (2007) (recognizing that the Board has no jurisdiction to review constitutional claims that are not coupled with an independently appealable action) (citation omitted).

Finally, we address the appellant's motions for leave to file additional evidence. PFR File, Tabs 5, 9. The appellant states that the additional evidence pertains to the underlying decision by the Tennessee National Guard to deny her reenlistment. *Id.* Because the Board lacks jurisdiction over her appeal, it lacks authority to review arguments concerning the merits of the denial of her reenlistment. Accordingly, we find that the additional evidence she seeks to submit is immaterial, and we deny the motions. 5 C.F.R. § 1201.114(a)(5), (k).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.